## ALM CONSTRUCTION COMPANY v. CARL BOLANDER & SONS COMPANY.

149 N. W. (2d) 925.

April 7, 1967—No. 40,325.

*Maurice H. Rieke,* for appellant.
*Taylor Law Firm* and *Elmer W. Foster,* for respondent.

OTIS, JUSTICE.

This action is brought against a subcontractor by the owner of a shopping center located at 36th Avenue North and Highway No. 100 in Robbinsdale. Plaintiff alleges that because defendant failed to provide adequate pilings for the building it subsided shortly after construction was completed. The jury awarded damages in the sum of $30,000. Defendant appeals from an order denying its motion for judgment n. o. v. or a new trial. The issue is whether the evidence supports a finding that defendant either was guilty of a breach of contract or performed in an unworkmanlike manner.

In anticipation of construction, plaintiff obtained soil tests in December 1957 from Caswell Engineering Company. Thereafter Structural Steel Company prepared the engineering design on the basis of which Cowin & Company drew up plans specifying the number and location of the piles which would be necessary and the weight each would have to bear. On the basis of these specifications, defendant undertook to perform the contract to drive the piles for $4,711.11.

The pilings were completed early in March 1958. By mid-April carpenters building a canopy discovered that a steel beam was sagging. Plaintiff at first attributed this condition to the fact it was not level when erected and consequently paid defendant in full in May. By June 1958 pronounced sagging of the floors was evident and it was determined that the piles were sinking. Plaintiff at the time of the trial had spent over $6,000 in repairs and in reinforcing the piling, and estimated that another $30,000 would ultimately be necessary to maintain the structure.

Defendant claims that the court and the jury erroneously treated its

oral contract as one which guaranteed the piling during the life of the building, and that the court was not justified in permitting a finding that the contract was performed in an unworkmanlike manner.

■ Defendant stresses the fact that in their negotiations plaintiff expressly rejected as unnecessarily expensive a "guarantee" contract which would have cost some $3,000 per pile to test. Instead, plaintiff entered a contract based on "time and material." While the court in its charge referred to the agreement as one which the jury could find contemplated that the piling would support the specified weight for the "duration of the anticipated building," defendant took no exception to submitting the case in this manner until it moved for a new trial. We agree that the record does not support a finding that defendant "guaranteed" the work for the life of the building. However, we find no prejudice in the instruction since the defects in the piling appeared almost immediately following the completion of construction.

■ In reviewing the evidence we have concluded that the type of guarantee the parties rejected was one which would have underwritten the integrity of the structure whether the bearing weights specified by the plaintiff's engineers were correct or not. Such a contract would have superseded the engineering judgment of Cowin & Company with respect to the number of piles, their location, and the load each would have to support. In our opinion the agreement entered and the circumstances under which the damage occurred justify a finding that defendant simply failed to discharge its obligation to provide pilings according to the engineering specifications prepared by others.

■ Defendant's vice president described in some detail the procedure by which it was determined that each pile would support the load specified in the blueprints. This was done by a so-called "Engineering News Record Formula" which defendant's vice president said had a 600-percent safety factor. That method determined the weight-bearing capacity of each pile by reference to the number of blows necessary to drive one pile into the ground 1 foot when struck by a pile driver of a given weight. Having scrupulously adhered to that formula, defendant takes the position that it has discharged its duty to plaintiff, notwithstanding the fact that the piles were inadequate to sustain the

weights specified. In this connection defendant concedes that there was no evidence that any piling was loaded beyond the capacity called for in the blueprint.

The actual contract entered by defendant as reflected by the testimony of both parties indicates that defendant's vice president stated there would be no problem in holding up 20 tons on a single pile as the blueprints required. The defendant's responsibility was summarized by its vice president in this manner:

"To furnish equipment, good working order, proper equipment, tradesmen who were skilled in their work, suitable and satisfactory material, and drive these piling in the normal and ordinary practices of the trade to load bearing values that were adequate to support these loadings as noted."

Later in the trial the same witness testified that the structural life of a creosoted timber piling is estimated at 50 years or more.

However the matter is viewed, it is clear that defendant agreed to install pilings to a specific load capacity and failed to perform the contract in the manner contemplated by the parties. It has offered no explanation for the fact that the piling subsided and damaged the building other than the possibility that earth and fill shifted, although this was a factor which defendant had a duty to consider in undertaking the contract. Defendant was an expert in this field. The initial soil tests were available to it, and there is no claim that it was misled by any data furnished by plaintiff or that negligent acts or omissions of third parties intervened, or that conditions beyond its control prevented it from completing the contract in a satisfactory manner. Under such circumstances, whether the verdict was based on a breach of contract or whether unworkmanlike procedures were inferred by the jury, we hold that the evidence amply supports a finding of liability, and the award is therefore affirmed.

Affirmed.